[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff husband, 49, and the defendant wife, 37, married on December 30, 1983 in Tehran, Iran. Both parties have resided in Connecticut for over one year immediately preceding the filing of the complaint for dissolution of the marriage thereby satisfying the jurisdictional requirements. There is one minor child issue of the marriage, Mona Mansoori, born on January 29, 1985. No other child has been born to the wife since the marriage. They moved to the U.S. A. in 1987. The plaintiff, a college graduate, had been a customs official in Iran. He attempted but failed to obtain political asylum after arriving in this country. The defendant attended nursing school, obtained an RN and obtained a green card. Both parties are now resident aliens holding green cards. The defendant is currently employed by Stamford Hospital earning $23.56 hourlybase rate plus 13% night premium and $1 per hour extra as a charge nurse. She also enjoys medical and dental benefits and vacation time as well as time and a half when working holidays. The defendant had her brother living in her house as a boarder for which he CT Page 2250 paid about $70 weekly but the court finds same a wash.
The plaintiff, after arriving in this country, worked one year in a supermarket and then began working as a limousine driver, eventually operating as an independent contractor. His explanation of his finances was not clear, being unable to explain the source of a $50,000 CD other than to say that he saved it from 1988 through 1997. He currently lists his occupation as a limousine driver for State Limousine, Inc. of Stamford, Connecticut earning an average gross weekly income of $550 and net after taxes of $489.69 including $3.78 weekly interest income. As his only liability he lists $10,000 of past due income taxes. His 1999 Form 1040, filed as married filing separately, lists $26,940 business income from Mansoori Car Service and adjusted gross income of $28,625 (Defendant's Exhibit A) In his memorandum re: child support dated January 25, 2001 he states "The Plaintiff respectfully requests that the Court find that his gross weekly income calculates to $35,000 annually." and weekly as $670 gross. The court finds that the credible evidence supports the claim and the court accepts the claim and so finds same as fact.
The parties purchased the marital home known as 48 Swampscott Road, Stamford in 1990 for $182,000 putting $40,000 down. The parties stipulated during trial that the present fair market value of the premises is $300,000 encumbered by a mortgage balance of $83,700. The premises were in a run down condition when the parties moved in and the plaintiff proceeded to repair and restore the premises, as evidenced by 41 photos admitted in evidence as Plaintiff's Exhibit #6. He testified the cost, excluding labor, totaled between $35,000 and $40,000 and he submitted a four page summary of improvements (Plaintiff's Exhibit #7). The premises accommodated tenants with the last one paying $875 monthly. The defendant's mother visited several times as a guest for a total of three years, caring for the parties' child while they worked and while the defendant attended nursing school. The defendant's brother and sister lived with the parties from June, 1999 until July, 2000 as guests. The defendant moved into the the basement area in August, 1999 and moved out in June, 2000. This action was begun by service made on October 29, 1999. Two prior actions had been begun by the defendant, the first returned to February 3, 1998 and dismissed on May 26, 1998 for failure to file a case management agreement, and the second returned to December 8, 1998 and dismissed on March 22, 1999 for failure to submit a case management agreement. The court has concluded that the marriage had broken down irretrievably sometime prior to the commencement of the initial dissolution action. The plaintiff claimed problems arose in the marriage as early as 1988.
The plaintiff testified that he had brought $38,000 to the USA in CT Page 2251 `pieces', depositing them in Gateway Bank (Plaintiff's Exhibit #18) The defendant claimed to have saved $90,000 throughout the marriage. She had a passbook account in People's Bank (Plaintiff's Exhibit #16) that contained $65,255.01 on October 23, 1998. She gave $30,000 to her sister to enable her mother to rebuild her house in Iran and an additional $10,000 for repayment of surgical costs incurred by the defendant while in Iran. There is a withdrawal for $40,000 on October 28, 1998 but the defendant explained that was a transfer to an account maintained as a joint account by her sister Mahnaz and herself. The plaintiff produced bank records (Plaintiff's Exhibit #14) of such an account that had $81,897 as a closing balance on July 30, 1999 which the defendant claimed was her money. The plaintiff claimed to have saved $100,000 during the marriage, devoting some of the money to the home and some to his business. Although truth appears to be the main casualty in the parties' descriptions of their financial dealings the court finds the plaintiff's explanation more credible. The court concludes further that the defendant shared some of her earnings with the plaintiff in maintaining the home but set aside and saved the money accumulated in the accounts described above.
The plaintiff described his health problems as having kidney stones, prostate difficulty, ulcers, and discomfort in the rectal area subsequent to removal of a bowel section. The last condition described sometimes causes him such problem that he cannot work. The defendant enjoys good health.
The parties have agreed on joint legal custody of Mona, residence of the child to be with her mother and reasonable visitation with her father. Child support shall be based on the guidelines. The court requested and has received from each party a child support guidelines worksheet. The court adopts the plaintiff's except the court utilizes $1400 as the defendant's weekly gross, reduces her net weekly to $1039 (based on 25, 8% tax deductions), adds the plaintiff's net of $509 for combined net weekly income of $1550. The basic child support obligation is $278 and the plaintiff's share is 32.84% or $91 which is the same as proposed by the plaintiff. The court appends the plaintiff's worksheet for reference.
The court, having reviewed the evidence having in mind the relevant statutes and case law and having evaluated the credibility of each party, enters the following decree.
 1. Judgment is rendered on the cross complaint dissolving the marriage on the ground of irretrievable breakdown and each party is now CT Page 2252 declared to be unmarried. The complaint is now dismissed as moot.
 2. Joint legal custody of Mona is ordered with primary residence with her mother and her father shall have liberal visitation.
 3. The Plaintiff shall pay $91 weekly child support to the defendant and a wage withholding order is entered pursuant to statute. The first payment shall be made on Friday, February 23, 2001. Any remaining unpaid child support to and including Friday, February 16, 2001 shall be paid in full on or before February 28, 2001. The defendant shall continue to provide medical insurance for the minor child.
4. No periodic alimony is awarded to either party.
 5. The marital residence is ordered sold. The premises shall be listed for sale immediately. If the parties cannot agree on the broker to be employed or if they cannot agree on any other term of sale, on motion by either party the court shall articulate any disputed details concerning the execution of this order. From the net proceeds of sale the plaintiff shall be paid $30,000 and the remaining balance shall then be divided equally between the two parties.
 6. Each party shall continue to own the assets presently in that party's possession or control except that the defendant shall return the plaintiff's passport to him together with any and all original papers concerning his business including his employment with U.S. Limousine.
 7. The plaintiff shall be solely responsible for the liability listed on his financial affidavit The defendant lists no liabilities.
 8. Each party shall be solely responsible for the litigation expenses incurred by that party.
Counsel for the plaintiff shall prepare the judgment file. CT Page 2253
HARRIGAN, J.T.R.